JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Cynthia McClain ("defendant"), appeals from her convictions for theft and uttering. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged in a three-count indictment with theft, forgery, and uttering. During the bench trial, defendant was acquitted of forgery and convicted of the remaining counts.
 {¶ 3} Defendant testified that she agreed to deposit a check into her account for "Tyrone," who is one of her son's friends. The check, in the amount of $18,200 was made payable to her by "Walser Motors, Inc.," a Minnesota company that she had never heard of before. Defendant's son brought the check to her work and she deposited it the next day, December 13, 2003, into her bank account.
 {¶ 4} She waited a period of time before making two withdrawals, one for $12,000 and another for $6,000. Her son accompanied her to make the first withdrawal on December 24, 2003 and she gave him the money. She again withdrew money on December 27, 2003 and called her son to have Tyrone pick up the money.
 {¶ 5} Almost a month after she had deposited the check and few weeks after she had made the withdrawals, the Bank learned that the check was written from a closed account. The Bank contacted defendant and she made a police report.
 {¶ 6} Although defendant testified that she has known Tyrone for 15 years, she is unsure of his last name. *Page 4 
 {¶ 7} Defendant insisted that, while she should have questioned the authenticity of the check, she did not know it was fraudulent and would not have cashed it if she did.
 {¶ 8} The State presented the testimony of a fraud investigator from the Bank and the testimony of Detective John Stevens of the Cleveland Police Financial Crimes Unit. Det. Stevens testified that he contacted defendant and told her to straighten things out with the Bank or else he would present the matter to the Grand Jury for indictment. Stevens contacted defendant in early March 2004 and presented the case to the Grand Jury on March 21, 2005. Stevens testified that defendant told him she received the check from her son's friend named Acuri Graves. Stevens was unable to pursue an investigation of this person because defendant did not provide any other identifying information, i.e., address, phone number, date of birth, or social security number. Defendant denied ever being contacted by Det. Stevens.
 {¶ 9} The State submitted surveillance photographs showing defendant's initial deposit and subsequent withdrawals. The Exhibits also include, the deposit ticket, the subject check, and two checks drawn on defendant's account, payable to "Cash."
 {¶ 10} Defendant assigns two errors for our review.
 {¶ 11} "I. The evidence was insufficient to sustain convictions for uttering in violation of O.R.C. 2913.31 and theft in violation of O.R.C. 2913.02." *Page 5 
 {¶ 12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 13} Defendant maintains that her conviction is based on insufficient evidence because she believes the State did not establish that she acted "knowingly."
 {¶ 14} R.C. 2901.22(B) defines "knowingly" as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} Following the bench trial, the court found defendant guilty of uttering and theft and provided the following reasoning:
 {¶ 16} "* * * the definition of `knowingly' is, it's that regardless of purpose, when the defendant is aware that his or her conduct will probably cause a certain result or probably be a certain nature. And a person has knowledge of circumstances when he or she is aware that certain circumstances probably exist. *Page 6 
 {¶ 17} "In this particular case, the court is really hanging its hat on the testimony of the defendant, as well as the bank, that the check was given to her from a company that she had no knowledge of, had no business transactions with and it was made out to her. Then, she in turn, cashed the check.
 {¶ 18} "Although she testifies that she was working on behalf of others, friends of the son, that just defies my experience and my logic not [to] know that something was amiss to receive an instrument from another company that I've never had contacts with made out to me. That would just set off red flags.
 {¶ 19} "* * * So it's with some reluctance that I have to find the defendant guilty of counts one and three. Because I think that if given all the facts and circumstances surrounding that check, she knew something was wrong with it." (Tr. pp. 56-57.)
 {¶ 20} The trial court's reasoning is sound and supported by sufficient testimony and evidence in the record. Assignment of Error I is overruled.
 {¶ 21} "II. The weight of the evidence does not support a conviction for theft and uttering."
 {¶ 22} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that her conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine *Page 7 
whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 23} Defendant reincorporates the same arguments she made under her first assignment of error here. Having reviewed the record, we find that defendant's convictions are not against the manifest weight of the evidence. Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1